IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL SULLIVAN, STACY SULLIVAN,
and BIRCHWOOD ACRES, LLC,

                     Plaintiffs,                     OPINION and ORDER

    v.

                                                    19-cv-53-jdp

TOWN OF STOCKHOLM and JANE WHITESIDE,

                     Defendants.

---

Plaintiffs Michael and Stacy Sullivan wished to make their single-family home in Stockholm, Wisconsin available to tourists for short-term rentals. But in 2016 and 2017, Stockholm's Plan Commission and Town Board denied the Sullivans' application for a conditional use permit that would have allowed them to do so. Although state law now allows them to rent out their property, the Sullivans (along with their limited liability corporation, Birchwood Acres, LLC) are suing the town of Stockholm and former Stockholm Plan Commission chair Jane Whiteside for damages incurred in 2016 and 2017. (The court will refer to the Sullivans and Birchwood Acres, LLC collectively as "the Sullivans.") The Sullivans assert claims under both the Due Process Clause and state tort law.

One of the defendants, Jane Whiteside, has moved to dismiss the Sullivans' claims against her for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. 11. Whiteside contends that (1) the Sullivans' allegations are too speculative to state a claim; (2) the due process claim is barred as a matter of law because the Sullivans failed to avail themselves of available state-law remedies; and (3) Whiteside is immune from state-law tort liability because, as chair of the Plan Commission, she was acting in a quasi-legislative or quasi-judicial capacity. The court will deny Whiteside's motion. There may be reasons to question

whether the Sullivans are likely to prevail on any of their claims, but Whiteside isn't entitled to a dismissal for any of the reasons she asserts in her motion.

BACKGROUND

The court draws the following facts from the Sullivans' complaint, Dkt. 1, and accepts them as true for the purpose of deciding Whiteside's motion. *Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016).

Michael and Stacy Sullivan live in Minnesota. They designed and built "Birchwood Acres," a second home that they intended to use on weekends, in the Pepin Pava development in Stockholm, Wisconsin. After construction was completed in summer 2016, Michael and Stacy transferred title to the home to their limited liability corporation, Birchwood Acres, LLC.

The Sullivans began advertising Birchwood Acres for rent on a vacation rentals website in September 2016. In December 2016, the Stockholm Town Board Chair informed the Sullivans that they needed to apply for a conditional use permit and should cease renting the home until they received that permit. So the Sullivans ceased advertising the house and, on January 6, 2017, they submitted a conditional use permit application to the Stockholm Plan Commission, the body tasked with recommending to the Town Board whether to grant conditional use permits.

Whiteside was chair of the Plan Commission at the time. She was a fellow resident of the Pepin Pava development, and she opposed the Sullivans' conditional use permit application. She lobbied members of the Plan Commission to recommend denying the permit application by circulating a memorandum written by her husband, attorney William Mavity, which argued among other things that permitting short-term rentals of Birchwood Acres would

adversely affect the value and quality of homes in Pepin Pava. Whiteside and Mavity also lobbied town residents and members and officers of the Pepin Pava Homeowners' Association to oppose the permit application.

On March 16, 2017, the Plan Commission held a hearing to consider the Sullivans' application. Whiteside both presided over the hearing and actively urged the Commission's members to recommend denial. The Commission did so by a unanimous vote. A written report prepared by Whiteside indicated that the reasons for the Commission's recommendation included: (a) the perceived adverse impact on neighbors in the Pepin Pava development; (b) the fact that the Sullivans' property had "bec[o]me a business," despite their building permit which authorized only a single-family home; and (c) concerns that approving the permit would set a "significant precedent" in favor of allowing commercial business. Dkt. 1, ¶ 33. Four days later, Whiteside presented the Commission's report and recommendation to the Town Board.

On April 22, 2017, the town held a public hearing on the Sullivans' conditional use permit application. The Sullivans were told prior to the hearing that they would have ten minutes to make their case for the conditional use permit, but at the hearing itself, they were told they would only have three minutes to speak. So instead of speaking at the hearing, the Sullivans submitted comments to the Town Board in writing.

On May 15, 2017, the Town Board voted unanimously to deny the Sullivans' conditional use permit application, based in part on Whiteside's report for the Plan Commission. On June 2, the Sullivans sent the Board a notice of appeal and demand for review of determination, as provided under Wisconsin Statute § 68.11. The Board denied review without a hearing four days later. So the Sullivans filed a petition for certiorari review in Pepin

County Circuit Court. The Circuit Court granted the Sullivans' petition. In a decision issued December 4, 2017, Judge Joseph Boles concluded that:

1. Due to Plan Commission Chair Jane Whiteside's participation in March 16, 2017 Plan Commission meeting [*sic*], the Town of Stockholm did not afford the plaintiffs due process in its decision to deny their conditional use permit application.

2. The decision of the town of Stockholm is reversed and remanded for new proceedings without Jane Whiteside's participation as the Plan Commission Chair.

*Id.* ¶ 52.

Those new proceedings never took place. While the certiorari action was pending, the Wisconsin legislature enacted a "Right to Rent" law, Wis. Stat. § 66.1014, which limited Wisconsin towns' authority to regulate short-term rentals. Before any remand proceedings were initiated, the Sullivans sent the Town Board a letter informing it that they would resume renting Birchwood Acres in light of the change in state law. The Town Board never responded to the Sullivans' letter.

On March 16, 2018, the Sullivans served a notice of claim and claim against the town and Whiteside for $265,497.79 in damages. In a July 25, 2018 letter, the town advised the Sullivans that it had passed a resolution disallowing the Sullivans' claim and advising them that they had six months from the date of service of the letter to bring an action against the town. This lawsuit followed.

ANALYSIS

The Sullivans assert three causes of action: (1) violation of their right to due process under the Fourteenth Amendment of the United States Constitution; (2) a claim that Stockholm acted "arbitrarily and capriciously" and "abus[ed] its discretion" by denying the

conditional use permit application; and (3) a claim that Stockholm and Whiteside acted with "an intent to interfere with the [Sullivans'] actual and prospective contractual relationships." Dkt. 1, ¶¶ 58–69.

Whiteside does not contend that any of the Sullivans' three claims is not a valid cause of action. And she does not contend that the Sullivans have failed to allege any of the elements of her claims. So the court will not consider those issues. Instead, Whiteside says that all three claims must be dismissed because the underlying allegations are "too speculative" to state a claim for relief. She also says that the due process claim must be dismissed because the Sullivans didn't avail themselves of available state-law remedies, and that the two state-law tort claims must be dismissed because Whiteside is immune from tort liability under Wis. Stat. § 893.80(4).

A. Legal standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient to state a plausible claim for relief, that is, facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 826 (7th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This does not require heightened pleading of factual details. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007). Rather, a complaint need only "give the defendant fair notice of what the claim is and the grounds on which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citation and alterations omitted). Although the court is not bound to accept a plaintiff's legal conclusions or conclusory allegations, "[a] complaint that invokes a recognized legal theory . . . and contains plausible allegations on the material issues . . . cannot be dismissed under Rule 12." *Richards v. Mitcheff*, 696 F.3d 635, 638 (7th Cir. 2012).

## B. Federal and state law claims: plausibility

Whiteside contends that all three of the Sullivans' claims must be dismissed because their complaint fails to "provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)). Specifically, she says that the complaint "is grounded on the speculative premise" that the conditional use permit "would have been approved in the initial Town Board hearing" had it not been for Whiteside's influence. Dkt. 12, at 12. She argues that it simply isn't plausible that Whiteside, "a single member of the Plan Commission—which was not even the deciding body, but the recommending body—controlled all the people" implicated in the permitting process. *Id.* at 14.

Whiteside's argument rests on the assumption that the Sullivans cannot prevail on their federal law or state law claims unless they prove that Whiteside's conduct was the but-for cause of the permit denial. That assumption is incorrect as to the Sullivans' due process claim: the Sullivans don't have to prove any harm other than the denial of due process itself. "When a state or local government violates [the Due Process Clause], 42 U.S.C. § 1983 may authorize an award of damages against the government and/or its officers. These damages may include compensation for intangible emotional harm *and even nominal damages where no actual injury occurs.*" *Manley v. Law*, 889 F.3d 885, 890 (7th Cir. 2018) (emphasis added)). So Whiteside's plausibility argument has no application to the Sullivans' due process claim.

The court will assume that the Sullivans will need to show a causal link between Whiteside's conduct and their permit denial to prevail on their state-law claims. But the Sullivans have plausibly alleged such a link here. They allege that Whiteside was the chair of

the Plan Commission and took an active role in advocating that the Sullivans' permit application be denied. One reasonable inference from these allegations is that Whiteside's conduct influenced the outcome of the permit application proceedings.[1] The evidence may not ultimately bear this out, but for purposes of a Rule 12(b)(6) motion, the court is satisfied that the Sullivans' allegations are not too speculative or implausible to state a claim.

**C. Due process claim: failure to pursue state-law remedies**

To state a due process claim under the Fourteenth Amendment, the Sullivans must allege that (1) they were deprived of a property or liberty interest; and (2) they were entitled to more process than they received. *Cannici v. Vill. of Melrose Park*, 885 F.3d 476, 479 (7th Cir. 2018). The Sullivans have alleged that they had a protected property interest in Birchwood Acres and its rental revenue. As for the process they were due but didn't receive, the Sullivans say that defendants denied them a fair hearing and refused to review the permit denial decision without a further hearing. Neither side discusses either alleged failure in their briefs.

Instead, Whiteside contends that the court should dismiss the Sullivans' due process claim because the Sullivans "fail[ed] to exhaust [their] administrative remedies" when they opted not to proceed with their conditional use permit application on remand from Judge Boles's certiorari decision. Dkt. 12, at 8. And, Whiteside says, the Sullivans aren't entitled to "the futility exception" to the exhaustion requirement, because they "do not assert that the

---

[1] Whiteside also contends that, if the Right to Rent law mooted the permit proceedings, this shows that the Sullivans' application was denied initially because the prior law disfavored their position, not because of any conduct by Whiteside. The new law sheds no light on why the Plan Commission initially denied the application. In any event, the Sullivans do not have to prove their case to defeat Whiteside's motion.

7

administrative remedies were inadequate or that attempts to pursue administrative review would have been futile." *Id.* at 10, 9.

Whiteside's argument is based on a misreading of the law. There is no general duty to exhaust state judicial or administrative remedies before pursuing an action under § 1983. *Horsley v. Trame*, 808 F.3d 1126, 1129 (7th Cir. 2015) (citing *Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 516 (1982)). And because there is no exhaustion requirement, there is no "futility exception" to that requirement either. (The cases Whiteside cites in support of her futility exception argument are ERISA cases; ERISA expressly requires the exhaustion of remedies before suit.)

There are some situations in which the presence of adequate post-deprivation remedies will defeat a procedural due process claim. *See, e.g., Leavell v. Ill. Dep't. of Nat. Res.*, 600 F.3d 798, 807 (7th Cir. 2010); *Kauth v. Hartford Ins. Co. of Ill.*, 852 F.2d 951, 955 (7th Cir. 1988). Whiteside selectively quotes from this line of cases in arguing that the Sullivans had a duty to exhaust. But these cases aren't about exhaustion; they are about a specific category of government-sponsored deprivations that can be adequately remediated through state-law postdeprivation remedies. *See generally Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). Neither party acknowledges this principle or analyzes its potential relevance to this case.

If Whiteside means to contend that the conditional-use-permit application proceedings provided an adequate remedy, the contention fails. A state remedy may be adequate even if it isn't "identical to the remedy otherwise available under § 1983," but it "must still offer meaningful redress for the particular injury suffered by the plaintiff." *Simpson v. Brown Cty.*, 860 F.3d 1001, 1010 (7th Cir. 2017). Here, the Sullivans are seeking compensatory damages

8

for economic losses, but Whiteside doesn't identify a way that the Sullivans could have obtained damages through the conditional-use-permit application proceedings. "[A] remedy cannot be deemed 'adequate' if the plaintiff's injury is financial and the remedy offers no compensation at all." *Id.* at 1012 (contractor had no adequate remedy for allegedly unconstitutional license revocation because damages were not available through common-law judicial review or any other available state-law process); *see also Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills*, 589 F.3d 865, 872 (7th Cir. 2009) (state-court mandamus action was not an adequate remedy because it could provide no damages for denial of bar's liquor license).

This distinguishes the Sullivans' case from *Tietjen v. Ninneman*, No. 16-cv-1542, 2017 WL 5634878 (E.D. Wis. Sept. 29, 2017), on which Whiteside relies. *Tietjen* involved a plaintiff's procedural due process challenge to a downward adjustment to a county employee retirement benefits package. In dismissing that claim, the court relied on the fact that Tietjen "had the opportunity to have her claim heard before an administrative review board followed by certiorari review in state court," but chose not to do so. 2017 WL 5635878, at *3. Tietjen could have obtained the desired payment adjustment in those proceedings; the Sullivans couldn't have recouped their losses on remand from the certiorari action.

Because the law doesn't support the only argument Whiteside raises related to the Sullivans' due process claim, the court will deny Whiteside's motion to dismiss that claim.

**D. State law claims: immunity under Wis. Stat. § 893.80(4)**

Whiteside contends that the state-law claims against her are barred by the Wisconsin discretionary immunity statute, Wis. Stat. § 893.80(4). That statute bars suit against public employees "for acts done in the exercise of the legislative, quasi-legislative, judicial, or quasi-

judicial functions." As a rule, "[t]he power of a municipal corporation to issue permits is a quasi-judicial function." *Allstate Ins. v. Metro. Sewerage Comm.*, 80 Wis. 2d 10, 17, 258 N.W.2d 149, 151 (1977). Thus, Whiteside says, she cannot be held liable under state law for actions she took in her capacity as chair of the Stockholm Plan Commission. Although Whiteside acknowledges that there is an exception to immunity for conduct that is "malicious, willful, and intentional," *Bicknese v. Sutula*, 2003 WI 31, ¶¶ 17–19, 260 Wis. 2d 713, 726–28, 660 N.W.2d 289, 296–97, she says that the Sullivans failed to plead facts supporting an inference that she acted maliciously.

This argument fails because immunity under Wis. Stat. § 893.80(4) is an affirmative defense, not a pleading requirement. *See Anderson v. City of Milwaukee*, 208 Wis. 2d 18, 34, 559 N.W.2d 563, 570 (1997). The Sullivans "need not anticipate or attempt to plead around potential defenses" in their complaint. *Craftwood II, Inc. v. Generac Power Sys., Inc.*, 920 F.3d 479, 482 (7th Cir. 2019). So if Whiteside believes that she is entitled to immunity because there is no evidence of malice, she will have to file a motion for summary judgment on that issue at the appropriate time.

Whiteside hasn't shown that she is entitled to dismissal of this claim or any of the Sullivans' others, so the court will deny Whiteside's motion to dismiss in full.

ORDER

IT IS ORDERED that defendant Jane Whiteside's motion to dismiss, Dkt. 11, is DENIED.

Entered August 23, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge